**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALVARO OCHOA-MOLINA, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:14-CR-0177-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-1039-SCJ-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Alvaro Ochoa-Molina's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 26], and the government's responses, [Docs. 29, 32, and 39]. For the reasons that follow, it is **RECOMMENDED** that the § 2255 motion be **GRANTED** as to ground one, and that ground two be **DISMISSED WITHOUT PREJUDICE**.

On July 23, 2014, Ochoa-Molina, represented by retained counsel Paul Roman, entered a non-negotiated guilty plea to illegally re-entering the United States after having previously been removed and deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Docs. 20, 33]. On December 11, 2014, the Court sentenced Ochoa-Molina to seventy-three months of imprisonment. [Doc. 25]. Ochoa-Molina did not file a direct

appeal.  Rather, on April 1, 2015, Ochoa-Molina timely filed this pro se § 2255 motion, arguing that Roman provided him ineffective assistance by failing to (1) file a notice of appeal as instructed and (2) request a downward departure based on the potential sentencing disparity that can result from certain federal districts offering fast-track disposition programs for illegal reentry defendants.  [Doc.  26 at 4-5, 15-17].

On July 23, 2015, the undersigned conducted an evidentiary hearing to establish the content of Ochoa-Molina's discussion with Roman concerning his right to appeal. [Doc. 37].  The government has since filed a supplemental response, noting that a "reasonable conclusion" from the testimony presented at the evidentiary hearing is that "Ochoa-Molina asked Roman to appeal, but Roman misunderstood because there was no translator there to assist them with communicating" and that "there is a serious question about whether Roman's failure to meet with his client with a translator present after the sentencing hearing constitutes ineffective assistance of counsel." [Doc. 39 at 8].  Accordingly, the government "will no longer oppose Ochoa-Molina's § 2255 motion on the first of its two stated grounds."  [Id. at 9].

During the evidentiary hearing, Ochoa-Molina testified that he met with Roman in the holding cell of the courtroom immediately after sentencing and specifically asked Roman to file an appeal because Ochoa-Molina felt the sentence was too long.

2

Roman confirmed Ochoa-Molina's testimony that they met in the holding cell immediately after sentencing and further explained that no translator was present at this meeting, even though Ochoa-Molina's English was very rudimentary and Roman had used a translator to communicate with Ochoa-Molina at prior meetings. Roman testified that he understood that Ochoa-Molina was dissatisfied with the "terrible" sentence and even asked about having another judge, but Roman did not believe his client had asked him to file an appeal. Based on the testimony presented at the hearing, the undersigned finds that, due to a misunderstanding resulting from not using a translator, Roman failed to file a notice of appeal as Ochoa-Molina had requested, and that, under these circumstances, Roman's "inability to communicate with his client [after sentencing] because of a language barrier . . . render[ed] his assistance constitutionally ineffective." Gallo-Vasquez v. United States, 402 F.3d 793, 799 (7th Cir. 2005) (citation omitted); see also Peguero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit."). Thus, Ochoa-Molina is entitled to relief on ground one, as the government concedes. See [Doc. 39].

3

The government contends that ground two lacks merit.  <u>See</u> <u>United States v.</u>
<u>Rodriquez-Tapia</u>, 463 F. App'x 839, 842 n.2 (11th Cir. 2012) (per curiam) (holding
"that district courts are prohibited for sentencing purposes from considering the
disparity created by the lack of a 'fast track' program") (citation omitted); <u>Owen v.</u>
<u>Sec'y for Dep't of Corr.</u>, 568 F.3d 894, 915 (11th Cir. 2009) (Counsel's failure to raise
an issue that lack merit "cannot constitute ineffective assistance of counsel.") (citations
omitted).  However, the Eleventh Circuit has indicated that, when granting § 2255
relief on the ground that counsel failed to file a notice of appeal as instructed, "the best
approach is to dismiss without prejudice or hold in abeyance the resolution of
remaining collateral claims pending the direct appeal." <u>McIver v. United States</u>, 307
F.3d 1327, 1331 n.2 (11th Cir. 2002).  Consequently, although the government's
contention regarding ground two certainly is well-founded, the preferred approach
according to the Eleventh Circuit is to dismiss ground two without prejudice.

Accordingly, **IT IS RECOMMENDED** that this 28 U.S.C. § 2255 motion,
[Doc. 26], be **GRANTED** as to ground one only, that ground two be **DISMISSED**
**WITHOUT PREJUDICE**, and that, pursuant to <u>United States v. Phillips</u>, 225 F.3d
1198, 1201 (11th Cir. 2000):

(1) The criminal judgment in this action be **VACATED**;

4

(2) The sentence, including all terms and conditions, and special assessment imposed by this Court on December 11, 2014, be **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may have already been paid; and

(3) Ochoa-Molina be **ADVISED** that (a) he has the right to an appeal, and (b) with few exceptions, any notice of appeal must be filed within fourteen days, pursuant to Fed. R. App. P. 4(b)(1)(A).

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 10th day of August, 2015.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

5