**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALVARO OCHOA-MOLINA, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:14-CR-0177-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-4666-SCJ-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Alvaro Ochoa-Molina's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 82], and the government's response, [Doc. 84]. For the reasons that follow, it is **RECOMMENDED** that Ochoa-Molina's § 2255 motion be **GRANTED**.

On July 23, 2014, Ochoa-Molina, represented by retained counsel Paul Roman ("Roman"), entered a non-negotiated guilty plea to illegally re-entering the United States after having previously been removed and deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Docs. 20; 33]. On December 11, 2014, the Court sentenced Ochoa-Molina to seventy-three months of imprisonment and ruled that the sentence should begin running on March 13, 2014. [Doc. 25; Doc. 31 at 12, 14-15]. Ochoa-

Molina did not file a direct appeal. Rather, on April 1, 2015, Ochoa-Molina timely filed a pro se § 2255 motion, arguing that Roman provided him ineffective assistance by failing to (1) file a notice of appeal as instructed and (2) request a downward departure based on the potential sentencing disparity that can result from certain federal districts offering fast-track disposition programs for illegal reentry defendants. [Doc. 26 at 4-5, 15-17]. The Court found that Ochoa-Molina was entitled to relief on ground one, granted Ochoa-Molina's § 2255 motion on that ground only, vacated the December 11, 2014, criminal judgment, and reimposed the sentence with all the same terms and conditions as before. [Docs. 40; 53-54].

Ochoa-Molina appealed, [Doc. 57], and the United States Court of Appeals for the Eleventh Circuit vacated the sentence and remanded for re-sentencing, finding that the Court had erroneously concluded that it was bound to impose a sentence higher than Ochoa-Molina's prior seventy-month sentence and had also unreasonably balanced the need to avoid unwarranted sentencing disparities. [Doc. 72]. On June 14, 2017, the Court re-sentenced Ochoa-Molina to fifty-seven months of imprisonment. [Doc. 81].

Ochoa-Molina timely filed the instant § 2255 motion, arguing that the Federal Bureau of Prisons ("BOP") has incorrectly calculated the start date of his federal

2

sentence as May 14, 2014, rather than March 13, 2014. [Doc. 82 at 4; Doc. 82-1 at 2, 4, 7]. The government agrees that the BOP has miscalculated the start date of Ochoa-Molina's sentence and responds that this § 2255 motion should be granted. [Doc. 84].

The Court finds that the parties are correct. Although the Court ruled that Ochoa-Molina's sentence should run from March 13, 2014, [Doc. 31 at 14-15], the BOP has given Ochoa-Molina jail credit starting from May 14, 2014, [Doc. 82-1 at 7]. Accordingly, **IT IS HEREBY RECOMMENDED** that Ochoa-Molina's § 2255 motion be **GRANTED** and that an amended judgment and commitment order be issued that explicitly states that Ochoa-Molina's federal criminal sentence is to begin running from March 13, 2014.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 12th day of JANUARY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)